# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs October 26, 2010

## STATE OF TENNESSEE v. DIONIS NICK PAPA

**Appeal from the Criminal Court for Davidson County**
**Nos. 2009-B-1394, 2009-B-1441, 2009-C-2714     Steve Dozier, Judge**

**No. M2010-00262-CCA-R3-CD - Filed November 12, 2010**

The defendant, Dionis Nick Papa, appeals the sentencing decision of the Davidson County Criminal Court. Because the record supports the trial court's ordering a sentence of confinement, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**.

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Michael A. Colavecchio, Nashville, Tennessee, for the appellant, Dionis Nick Papa.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Jenny McMillen, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was indicted on charges of burglary of an automobile, see Tenn. Code Ann. § 39-14-402, theft of property valued at $500 or less, see id. § 39-14-103, possession of a burglary tool, see id. § 39-14-701, possession of marijuana, third offense, see id. § 39-17-418, possession of drug paraphernalia, see id. 39-17-425, possession of a Schedule III controlled substance with intent to deliver, see id. § 39-17-417, and theft of property valued at $1,000 or more, see id. § 39-14-103. The defendant entered into a global plea agreement that called for convictions of burglary of a motor vehicle, Class A misdemeanor theft, simple possession of drugs, and Class D felony theft. The defendant agreed to the following sentences:

| | |
|---|---|
| Burglary of a motor vehicle | Range I, two years |
| Misdemeanor theft | 11 months, 29 days |
| Simple possession | 11 months, 29 days |
| Felony theft | Range I, five years. |

The other charges were dismissed. Through partial consecutive sentencing, the agreement called for an effective sentence of seven years with the manner of service of which was to be determined by the trial court.

The trial court conducted a hearing to determine the manner of service of the sentences. Tamada Mambungu testified that in 2008 someone broke out his car window which he had repaired for a cost of $150. The defendant gave an allocution in which he admitted to stealing cars as a youth and that he was caught three times. He stated that he had reformed and had obtained a good job; however, on one night in 2008, after getting "pretty drunk," he and a friend saw a car with a wallet in it. He admitted that he broke into the car. The defendant expressed remorse to the victim for doing so.

The presentence report showed that the 26-year-old defendant had amassed the following record of criminal convictions: simple possession of marijuana (2009); possession of drug paraphernalia (2009); criminal trespass (2007); driving with suspended license (2006 (twice), 2005, 2003, 2002 (three times)); simple possession of drugs (2006); driving under the influence of an intoxicant (2007, 2005); reckless driving (2006); casual exchange of a controlled substance (2003); leaving the scene of an accident (2003); and criminal impersonation (2003, 2002 (twice)).

The trial court announced its manner-of-service determination in a written order. The court found that the defendant possessed a lengthy, "horrific" criminal record, that he was on probation when arrested for the current offenses, and that he had previously violated orders of probation. The court found that the defendant showed disregard for prior probation requirements. The trial court denied alternative sentencing and ordered the effective seven-year sentence to be served in confinement.

The trial court entered its judgments on November 30, 2009, and the defendant filed his notice of appeal on February 3, 2010. This court previously waived the requirement that the notice of appeal be filed within 30 days of the entry of the judgments. On appeal, the defendant challenges the trial court's denial of alternative sentencing.

When a defendant challenges the manner of service of a sentence, this court generally conducts a de novo review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2006). This presumption,

however, is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the defendant. Id. If the review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In the event the record fails to demonstrate the required consideration by the trial court, appellate review of the sentence is purely de novo. Ashby, 823 S.W.2d at 169.

In making its sentencing determination in the present case, the trial court, at the conclusion of the sentencing hearing, was obliged to determine the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the defendant in her own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210 (2006); see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991).

Because, in this instance, the sentence imposed is ten years or less, the trial court was required to consider probation as a sentencing option. See Tenn. Code Ann. § 40-35-303(a), (b). Nevertheless, the defendant bears the burden of establishing his "suitability for full probation." State v. Mounger, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999); see Tenn. Code Ann. § 40-35-303(b). In consequence, the defendant must show that probation will "subserve the ends of justice and the best interest[s] of both the public and the defendant." State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990). Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn.1978).

A sentence of confinement may be justified when "[c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct" or when "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully" to a defendant. Tenn. Code Ann. § 40-35-103(1)(A), (C). In the present case, the trial court relied upon both of these statutory bases for denying alternative sentencing. The defendant's lengthy criminal record alone supports the trial court's decision.

Accordingly, the judgments of the trial court are affirmed.

_____
NORMA MCGEE OGLE, JUDGE